GEORGE H. COOK *vs.* NATHAN B. LEWIS, *et al.*

NOVEMBER 5, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Office of Justice of Peace to take Bail and Issue Warrants a Continuous one, When.*

Where, on the 1st day of February 1905, a justice of a district court, who has ever since continuously held said office, appointed a justice of the peace, (who has also since said appointment continuously held the office of justice of the peace) as a justice of the peace authorized to take bail and to issue warrants, both offices are continuous, and no new appointment of said justice of the peace to take bail or issue warrants, was necessary either at the expiration of a term as justice of the peace, when the latter was renewed, or at the expiration of the term of the justice of the district court when the same was renewed, so long as the appointment of said justice of the peace to take bail and to issue warrants was not revoked.

PETITION FOR WRIT OF PROHIBITION. Heard on petition and answer and denied.

DUBOIS, J. This is a petition for a writ of prohibition and was heard upon petition and answer.

The petition reads as follows:

"Your petitioner respectfully represents that on the nineteenth day of August A. D. 1908, John G. Cross, of the town of Narragansett, in the County of Washington, in the State of Rhode Island, complained to William Sleeman, Esquire, justice of the peace, erroneously alleged to be authorized to issue warrants returnable to the District Court of the Second Judicial

District in the County of Washington, and State of Rhode Island, that your petitioner, at said town in said county, on the seventeenth day of August A. D. 1908 and on divers days and times between July 1st, A. D. 1908 and the date of said complaint, with force and arms did keep and suffer to be kept a building, place and tenement used and occupied for the purpose of gambling and playing at games of chance for money and other valuable considerations, and did then and there keep, exhibit and suffer to be kept and exhibited upon his premises and under his control certain gambling implements and apparatus, to wit a certain roulette wheel and three slot machines to be used in gambling and playing at games of chance for money and other valuable considerations, against the statute and the peace and dignity of the State.

"That thereupon said William Sleeman, justice of the peace, issued his warrant directed to the sheriff, his deputy or either of the town sergeants or constables in the County of Washington, commanding them in the name of the State forthwith to apprehend the body of your petitioner and have before the District Court of the Second Judicial District or some other lawful authority, to be dealt with relating to the premises as to law and justice should appertain.

"That your petitioner was thereupon placed under arrest and was compelled by said William Sleeman, justice of the peace, to recognize to appear before the District Court of the Second Judicial District on the twenty-fourth day of August A. D. 1908.

"That on said twenty-fourth day of August A. D. 1908, your petitioner appeared before Nathan B. Lewis, justice of the District Court of the Second Judicial District, refused to plead to said complaint, and said cause was continued until September 7, A. D. 1908.

"That on the twenty-ninth day of August A. D. 1908, your petitioner filed in the District Court of the Second Judicial District a plea to the jurisdiction of the court, averring that William Sleeman, justice of the peace, was not authorized to issue warrants returnable to said district court.

"That to wit, on the twenty-first day of September A. D.

1908, complainant demurred to said plea to the jurisdiction and said demurrer was sustained.

"That said Nathan B. Lewis, Justice of said court, ruled that he had jurisdiction under and by virtue of said complaint and warrant, and your petitioner protesting, was ordered to appear, plead, recognize and make defence.

"That William Sleeman, justice of the peace, was not on the nineteenth day of August A. D. 1908, authorized to issue warrants returnable to the District Court of the Second Judicial District.

"That no record of the appointment of William Sleeman, as a justice of the peace, authorized on the nineteenth day of August A. D. 1908 to issue warrants returnable to the District Court of the Second Judicial District, appeared in the records of the district court of said district.

"That on the nineteenth day of August A. D. 1908, no appointment of William Sleeman as justice of the peace authorized to issue warrants returnable to the District Court of the Second Judicial District was certified by the Justice of said court to the Secretary of State.

"That the Justice of the District Court of the Second Judicial District had not issued his warrant under the seal of said court by which William Sleeman, justice of the peace, was on the nineteenth day of August A. D. 1908, authorized to issue warrants returnable to the District Court of the Second Judicial District.

"Wherefore your petitioner prays a remedy by a writ of prohibition to be issued out of and under the seal of this Honorable Court, directed to Nathan B. Lewis, Justice of the District Court of the Second Judicial District, and the District Court of the Second Judicial District prohibiting him and it from taking any further cognizance of your petitioner by virtue of said complaint and warrant, and also from further proceeding thereunder, and that a citation be issued directed to Nathan B. Lewis, Justice of the District Court of the Second Judicial District, ordering him to appear at a time to be fixed, to show cause if any he may have why a writ of prohibition should not

be granted as prayed in said petition and in the meantime staying proceedings under said complaint."

And the answer is of the tenor following:

"This respondent for answer to the petition in this case, or to so much and such parts thereof as he deems it material or necessary to answer, answering says:

"That as Justice of the District Court of the Second Judicial District, on the first day of February, 1905, he appointed said William Sleeman, of the town of Narragansett in said Judicial District, who was then and ever since has been a qualified Justice of the Peace within said town, a Justice of the Peace authorized to take bail in all complaints bailable before said District Court, and in default of bail, to commit to jail in the same county all respondents arrested on such complaints, and did then and there authorize the said William Sleeman so appointed by him to issue warrants returnable to said District Court for any offense for which by law a Justice or a Clerk of a District Court might issue a warrant, except that said William Sleeman was not authorized to issue search warrants for any purpose, and did then and there record in the records of said District Court such appointment and also certified the same to the Secretary of State, and did also then and there issue to said William Sleeman a warrant or commission under the seal of said Court authorizing him, the said William Sleeman, to perform the duties hereinbefore specified.

"That said William Sleeman continued from the time of such appointment until and after the twentieth day of August, A. D. 1908, to be a qualified Justice of the Peace of said town of Narragansett and by virtue of said appointment continued from time to time during all of said period to issue warrants returnable to said District Court.

"That on the twenty-fourth day of August, A. D. 1908, the said George H. Cook appeared generally and by attorney before said District Court and asked for a continuance of said complaint and on the twenty-ninth day of August, A. D. 1908, by his attorneys, Harry C. Curtis and Frederick C. Olney, filed a paper purporting to be a plea to the jurisdiction of said Court in said complaint.

"That on the twenty-first day of September, A. D. 1908, said George H. Cook, on being arraigned before this respondent, as Justice of said District Court, in open session of said Court, upon the complaint referred to in said petition, pleaded not guilty to the charge contained therein and was ordered to enter into recognizance for his appearance before said Court on the fifth day of October, A. D. 1908, and did then and there give such recognizance in the sum of One Thousand Dollars, with Thomas L. Greene as surety and, at the time of the filing of the petition in this case, was held under such recognizance.

"That subsequently, to wit, on the twenty-third day of September, A. D. 1908, said George H. Cook filed a motion in said District Court for leave to withdraw his plea of not guilty aforesaid and also on the same date filed a motion to quash said complaint, which said motions have not been heard or acted upon by said Court.

"The respondent files herewith copies of all the papers showing the proceedings in said complaint so pending before said District Court, and makes the same a part of this answer."

The petitioner asserts that the following questions are raised in this proceeding: "Whether justices of the peace have authority to issue warrants unless expressly authorized by statute, and, if authority is delegated by the justice of the district court, when such authority terminates," while it is claimed in behalf of the respondents that the questions raised are as follows:

"1.    Will prohibition lie in this case?

"2.    Was any reappointment of said William Sleeman by said Justice of the District Court necessary to enable him to exercise the duties of said office?

"3.    If he properly should have been so reappointed, was he notwithstanding on the nineteenth day of August, 1908, an officer *de facto* to issue warrants?

"4.    The petitioner is now held by said District Court, not upon the warrant issued by said William Sleeman, but upon the recognizance taken by the Justice of said District Court on the twenty-first day of September, 1908, and the court having jurisdiction of the subject matter, should the writ issue?"

It appears that said respondent, Nathan B. Lewis, on the first day of February 1905, was and ever since has been justice of the district court of the second judicial district in this state, and that on said first day of February, 1905, William Sleeman was and ever since has been a duly qualified justice of the peace for the town of Narragansett. That on said first day of February, 1905, said William Sleeman was by said justice duly appointed a justice of the peace to take bail and authorized to issue warrants, and such authority has never been revoked by said justice. The facts bring the case clearly within the rule laid down by this court in *State* v. *Chappell*, 26 R. I. 375.

As Nathan B. Lewis was on the first day of February, 1905, justice of the district court of the second judicial district and has ever since continously held said office and as William Sleeman was on said first day of February, 1905, a duly qualified justice of the peace of the town of Narragansett in said district and has ever since continuously held said office, both offices are continuous and no new appointment of said justice of the peace to take bail or to issue warrants was necessary, either at the expiration of a term as justice of the peace, when the latter was renewed, or at the expiration of the term of the justice of the district court, when the same was renewed, so long as the appointment of said justice of the peace to take bail and to issue warrants is not revoked.

This decision renders it unnecessary to consider the other questions presented.

The petition is therefore denied and dismissed.

*Harry C. Curtis and Frederick C. Olney*, for petitioner.
*Clarence A. Aldrich*, for respondent.